UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEUTSCHE BANK NATIONAL TRUST COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-3361** |
| **MAYLOIS CONERLY PRICE** | **SECTION I** |

### ORDER & REASONS

Before the court is a motion[1] filed by Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2005-R4 ("Deutsche Bank") and PHH Mortgage Corporation, successor by merger to Ocwen Loan Servicing, LLC (collectively, "plaintiffs") to remand the above-captioned action to the Civil District Court for the Parish of Orleans. The defendant Maylois Conerly Price (a/k/a Maylois Conerly, Maylois Price, Maylois Conerly Baycot, and Maylois Bacot, herein referred to as "Bacot")[2] opposes the motion. For the reasons discussed below, the Court will grant the plaintiffs' motion to remand and will deny plaintiffs' request for attorney's fees and costs.

### I.   BACKGROUND

This matter arose out of a Louisiana state court executory process action in the Civil District Court for the Parish of Orleans. On January 14, 2020, Deutsche Bank

---

[1] R. Doc. No. 6.
[2] R. Doc. No. 9, at 1. Bacot signs her opposition as "Maylois Bacot," *id.* at 10, and refers to herself as "Bacot" throughout the same.

1

filed a "Petition for Executory Process with Benefit of Appraisal" against Bacot.[3] A writ of seizure and sale of Bacot's mortgaged property was issued on January 22, 2020.[4] On June 10, 2020, Bacot filed a "Motion for Preliminary and in Due Course Permanent Injunction and a Reconventional Demand with a Benefit of Appraisal/Reconventional Demand" ("reconventional demand") to prevent sale of her property.[5] Bacot's reconventional demand named Deutsche Bank, Ameriquest Mortgage Securities, Ameriquest Mortgage Company, Ocwen Loan Servicing, LLC, PHH Mortgage Corporation, and Shapiro & Daigrepont, LLC ("reconventional defendants") as defendants.[6] Bacot's reconventional demand asserted, among others, claims of negligence, tortious interference with contract, violations of the "Federal Credit Reporting Act" and "Federal Debt Collection Act," and unfair trade practices.[7]

On November 9, 2020, the plaintiffs filed "Exceptions of Improper Cumulation of Actions, Unauthorized Use of Summary Proceeding and Unauthorized Use of Executory Process,"[8] which the trial court granted on April 5, 2021.[9] The trial court's order directed that Bacot's reconventional demand be severed from the executory process suit.[10] The trial court also directed the clerk of court to assign a new case

---

[3] R. Doc. No. 1-1, at 9–13.
[4] R. Doc. No. 6-1, at 2.
[5] R. Doc. No. 1-1, at 112–24.
[6] *Id.* at 112–71.
[7] *Id.* at 119–21.
[8] *Id.* at 172–94.
[9] *Id.* at 218–19.
[10] *Id.*

2

number to Bacot's reconventional demand, but there is no indication that a new case number has been assigned.[11]

On August 29, 2022, Bacot filed an "Amended and Supplemental Reconventional Demand and Request for Jury Trial," and a "Notice of Removal and Stay of All Proceedings" with the Louisiana state court.[12] Her amended and supplemental reconventional demand alleged that the reconventional defendants had violated the 14th Amendment of the U.S. Constitution, Louisiana Constitution Art. 1 § 2, 42 U.S.C. §§ 1983, 1985(3), and 1986, the Fair Housing Act, the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act, various Louisiana state laws, and the Louisiana Rules of Professional Conduct.[13] On September 20, 2022, Bacot filed a Notice of Removal with this Court.[14] Plaintiffs filed this motion to remand on October 12, 2022.[15]

---

[11] R. Doc. No. 6, at 3. While no new case number was assigned to the proceedings regarding Bacot's reconventional demands, the Louisiana Fourth Circuit Court of Appeal nonetheless noted in an opinion regarding the executory process action that "Ms. Bacot's reconventional demand was severed from the executory process suit and is not at issue in this appeal." *Deutsche Bank Nat'l Tr. Co. as Tr. for Ameriquest Mortg. Sec. Inc. v. Price*, 2021-0430 (La. App. 4 Cir. 12/15/21), 333 So. 3d 1280, 1284 n.1, *writ denied sub nom. Deutsche Bank Nat'l Tr. Co. as Tr. for Ameriquest Mortg. Sec. Inc. Assetbacked Pass-Through Certificates Series 2005-R4 v. Price*, 2022-00101 (La. 3/15/22), 334 So. 3d 396, *and cert. denied sub nom. Bacot v. Deutsche Bank Co.*, No. 22-5594, 2022 WL 17085232 (2022).
[12] R. Doc. No. 1-1, at 643–46.
[13] *Id.* at 644–45.
[14] R. Doc. No. 1.
[15] R. Doc. No. 6.

## II. STANDARDS OF LAW

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress provides otherwise. "The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Plaintiffs have no right of removal. *See Fagan v. Thomas*, No. 19-12451, 2019 WL 6683848, at *2 (E.D. La. Dec. 6, 2019) (Fallon, J.) ("Only defendants have the power to remove cases to federal court."). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

The Supreme Court has instructed that § 1441(a) "does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019); *see also Graystar Mortg., LLC v. Swafford*, No. 19-12129, 2019 WL 5061324, at *2 (E.D. La. Oct. 9, 2019) (Feldman, J.) ("[A] defendant's federal counterclaims . . . may not serve as the basis for federal question jurisdiction") (citing *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002)).

4

28 U.S.C. § 1331 provides that district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," otherwise known as federal question jurisdiction. 28 U.S.C. § 1331. As a general matter, "questions concerning federal question jurisdiction are resolved by application of the 'well-pleaded complaint' rule." *Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000) (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152–53 (1908)). "The rule provides that the plaintiff's properly pleaded complaint governs the jurisdictional inquiry." *Id.* at 243–44. "If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking." *Id.* at 244 (citing *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10, (1983)); *see also Home Depot*, 139 S. Ct. at 1748 ("the 'civil action . . . of which the district cour[t]' must have 'original jurisdiction' is the action *as defined by the plaintiff's complaint*, [and] 'the defendant' to that action is the defendant to that complaint" (emphasis added)); *La. State Bd. of Med. Exam'rs v. Feldman*, No. 14-2744, 2014 WL 7342614, at *2 (E.D. La. Dec. 22, 2014) (Africk, J.) ("federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint" (quoting *Lorenz v. Tex. Workforce Comm'n*, 211 F. App'x 242, 244 (5th Cir.2006))). The removing party "bears the burden of demonstrating that a federal question exists." *Gulf Coast Plastic Surgery, Inc. v. Standard Ins. Co.*, 562 F. Supp. 2d. 760, 764 (E.D. La. June 3, 2008) (Vance, J.) (citing *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

Pursuant to 28 U.S.C. § 1332, a district court also has original jurisdiction over cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. 28 U.S.C. § 1332(a). However, "an action that is otherwise removable based on diversity jurisdiction 'may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Ellis v. Miss. Farm Bureau Cas. Ins. Co.*, No. 20-1012, 2020 WL 2466247, at *2 (E.D. La. May 13, 2020) (Africk, J.) (quoting 28 U.S.C. § 1441(b)(2)). This provision is known as the "forum-defendant rule." *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction," such as the presence of a forum defendant, "must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c); *Tex. Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020) (recognizing that "the forum-defendant rule is a procedural rule and not a jurisdictional one").

### III.     LAW & ANALYSIS

#### A.     Federal Removal Jurisdiction

Though Bacot's reconventional demands—which raised issues of federal law—were severed from plaintiffs' executory process action, *see Deutsche Bank Nat'l Tr. Co. as Tr. for Ameriquest Mortg*, 333 So. 3d at 1284 n.1, because the clerk of court for the Civil District Court for the Parish of Orleans did not assign a new case number to the severed proceedings, precisely which action Bacot wishes to remove to federal

6

court is difficult to identify. Regardless, because this Court lacks subject matter jurisdiction over both the initial executory process action and over Bacot's severed reconventional demands, the outcome remains the same regardless of which action she attempts to remove.[16] Bacot cannot rely on either federal question or diversity jurisdiction to remove the executory proceeding in which she is a defendant, or the reconventional demand proceeding in which she is a plaintiff.

First, Bacot's federal counterclaims cannot serve as the basis for federal question jurisdiction. *See Holmes*, 535 U.S. at 832 (2002). Only a well-pleaded complaint can provide the basis for federal question jurisdiction, and Deutsche Bank's complaint in the original executory process action raises no federal questions. While Bacot, in her opposition to plaintiffs' motion to remand, asserts that "[i]t is unquestionable that [Deutsche Bank's executory process] cause of action raises a federal question within the scope of the laws and in alignment with the jurisprudence" and "[i]t predicates [sic] on the basis of federal laws and federal regulations pertaining to mortgages[,]"[17] she does not identify any specific claims raised in Deutsche Bank's complaint that implicate questions of federal law. As

---

[16] In addition to arguing that remand is proper because the Court lacks jurisdiction over this action, the plaintiffs also argue that the *Rooker-Feldman* doctrine "prevents this Court from exercising jurisdiction over this matter." R. Doc. No. 6, at 9. The *Rooker-Feldman* doctrine "deprives federal courts of subject matter jurisdiction to review a final state court decision arising out of a judicial proceeding unless a federal statute specifically authorizes such review." *Pease v. First Nat'l Bank*, 08-50793, 2009 WL 1744011 (5th Cir. June 22, 2009). Because the Court has determined that it lacks both federal question and diversity jurisdiction over this action, the Court will not reach the plaintiffs' argument regarding the *Rooker-Feldman* doctrine.
[17] R. Doc. No. 9-1, at 6.

"federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint[,]" *La. State Bd. of Med. Exam'rs*, 2014 WL 7342614, at *2, this Court lacks federal question jurisdiction over the executory process action.

Second, while the parties are diverse, Bacot is a citizen of the state where the action was brought and has been "properly joined and served as defendant[.]" 28 U.S.C. § 1441(b)(2). As noted, per the forum-defendant rule, "an action that is otherwise removable based on diversity jurisdiction 'may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Ellis*, 2020 WL 2466247, at *2 (quoting 28 U.S.C. § 1441(b)(2)). Bacot, as a forum-defendant, therefore cannot invoke diversity jurisdiction as grounds for removal of the executory process action.

Finally, if Bacot aims to remove only her severed reconventional demands, the analysis is simple: Bacot is the plaintiff in that action and plaintiffs have no right of removal. *See Fagan*, 2019 WL 6683848, at *2 ("Only defendants have the power to remove cases to federal court."). Accordingly, the Court lacks jurisdiction over the claims raised in Bacot's reconventional demand.[18]

---

[18] Bacot also urges the court to apply the "revival" exception and/or equitably toll her claims. R. Doc. No. 9-1, at 1–3. As the Court lacks both federal question and diversity jurisdiction over all claims in this action, the Court will not reach the questions of the applicability of the revival exception and equitable tolling.

### B.     Attorney's Fees and Costs

In addition to remand, the plaintiffs seek an award of attorney's fees and costs.[19] "Absent unusual circumstances, courts may award attorney's fees pursuant to 28 U.S.C. § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). However, "[t]he statute does not contain a presumption either in favor of or against awarding fees, and whether to award fees under the statute is committed to the Court's discretion." *Citi Prop. Holdings, Inc. v. Labranche*, No. 11-617, 2011 WL 1980016, at *2 (E.D. La. May 20, 2011) (Lemmon, J.) (quoting *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 280 (5th Cir. 2009)).

While there was no basis to remove the above-captioned action to federal court, other sections of this court have declined to impose attorney's fees and costs where the defendant was proceeding pro se, specifically where the defendant mistakenly believed federal question jurisdiction could be established by a federal counterclaim. *See Citi Prop. Holdings, Inc*, 2011 WL 1980016, at *2 ("Federal court jurisdiction is not established by a defense that raises a federal question . . . nor by a federal counterclaim . . . . However, because the defendants are proceeding pro se, the court will not impose attorneys [sic] fees and costs associated with the removal."). Accordingly, having reviewed all the parties' arguments and the applicable law, the Court exercises its discretion to decline to award attorney's fees and costs.

---

[19] R. Doc. No. 6-1, at 13–14.

9

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the plaintiffs' motion to remand is **GRANTED**; the above-captioned action is **REMANDED** to the Civil District Court for the Parish of Orleans;

**IT IS FURTHER ORDERED** that the plaintiffs' request for attorney's fees and costs is **DENIED**.

New Orleans, Louisiana, December 5, 2022.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**